IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1994 SESSION

FILED

April 16, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9407-CR-00262 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Hon. R. Jerry Beck, Judge |
| | ) | |
| PHILLIP S. ROBERTS, | ) | (Attempted Theft; Burglary) |
| | ) | |
| Appellant. | ) | |

**CONCURRING AND DISSENTING OPINION**

I concur with the affirmance of the one burglary, the attempted theft and

the possession of burglary instruments convictions. I dissent from the reversal and

dismissal of the remaining three burglary convictions. I believe that the evidence

justifies all of the convictions that the defendant received and that we need not

determine in this case whether State v Anthony, 817 S.W.2d 299 (Tenn. 1991), applies

in any fashion to the offenses of burglary and attempted theft.[1] The very fact that not

every attempted car theft involves a burglary -- a point conceded in the majority opinion

-- renders the reasoning in Anthony inapplicable to this case.

If we were confronted with a case in which the sole proof for an attempted

theft was the breaking into a car, then it might be worth considering an Anthony due

process analysis -- because, then, every burglary would necessarily prove the crime of

attempt to commit the felony or theft intended. But we are not. In each instance, the

---

[1] In any event, contrary to the implication in the majority opinion, I doubt that we can claim that this court has found that the "Anthony principles" apply in cases not involving kidnapping -- the crime that is necessarily proven upon proof of such assaultive crimes as rape or robbery. As for the reference to State v. Cornelius T. Luster, No. 02C01-9201-CR-00019, Shelby Co. (Tenn. Crim. App. Nov. 29,1992), the majority opinion fails to note that the lead opinion's application of Anthony apparently did not gain the support of the other two members of the panel, one concurring in results only and the other expressly rejecting the use of Anthony.

defendant committed acts inside the cars that were unrelated to the breaking and entering, but were evidence of attempted thefts. I would hold that the separate convictions are justified.

_____
Joseph M. Tipton, Judge